IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anthony Carter,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Eric Holder, Attorney General;<br>Department of Justice, Federal Bureau<br>of Prisons; Raymond E. Holt, SE<br>Regional Director; Mildred L. Rivera,<br>Warden; Edith Wier, Associate Warden;<br>Gregory S. BonDurant, Captain; Gillian<br>Casstevens, Human Resource<br>Manager,<br><br>　　　　　　Defendants. | Civil Action No. 9:12-1142-DCN-BHH<br><br>**REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

　　This matter is before the Court on the defendants' motions to dismiss [Docs. 23] pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Complaint, the plaintiff pleads a claim pursuant to Title VII of the Civil Rights Act of 1964 (as amended) ("Title VII") and for a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

　　Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## **DISCUSSION**

**I.     Title VII Claim**

The defendants contend that the plaintiff's Title VII claim should be dismissed for the plaintiff's failure to file this lawsuit within 90 days of receipt of a right-to-sue letter from the EEOC.

It is well-established that prior to bringing a lawsuit under Title VII, a plaintiff must have filed a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5(e); *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 139 (4th Cir. 2007); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  At some point, the plaintiff filed a Notice of Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  [Doc. 9 at 9.]

The defendant, however, contends that the plaintiff failed to file his lawsuit within 90 days of having received the Right to Sue Notice from the EEOC.   Section 2000e-5(f)(1) of the United States Code provides that a person who receives a right-to-sue notice from the EEOC must file any civil action against the respondent named in the charge in either state or federal court within 90 days of receipt of such notice.  42 U.S.C. § 2000e-5(f)(f).

Critically, the Fourth Circuit strictly adheres to the 90-day rule. *See Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40 (4th Cir. 1993) (a lawsuit commenced 95 days after plaintiff received her right-to-sue letter from the EEOC was barred by the 90-day rule); *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987) (barring Title VII claim where lawsuit was commenced 91 days after he received a right-to-sue letter from the EEOC); *Dixon v. Digital Equipment Corp.*, 1992 WL 245867 (4th Cir. September 30, 1992) (affirming the district court's grant of summary judgment to the defendant because pro se plaintiff filed on the 91st day after receiving the right-to-sue letter).

In the instant case, the EEOC issued its Right to Sue Notice to the plaintiff, on October 12, 2011. [Doc. 9 at 9.] As always, in the body of that Notice, the plaintiff was informed that he had to file his lawsuit, in the federal court, "within 90 days of the date you receive this decision." *Id.* at 10.

As stated, the 90-day period is calculated from the receipt of the Notice. *See Harvey*, 813 F.2d at 653-54. Neither the plaintiff's complaint nor his answers to special interrogatories state when he actually received the right-to-sue letter. On response, now, the plaintiff does not argue that actual receipt of the Notice was somehow delayed, *see id.*, or that he, in fact, received it within 90 days prior to filing his Complaint. When the notice date is unknown, the Court presumes the plaintiff received the letter three days after it was mailed. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002); *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 239 (3d Cir. 1999); *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 526 (2d Cir. 1996).

Accordingly, the plaintiff is presumed to have received the Notice as of October 14, 2001. As a result, the plaintiff's complaint was required to be filed no later than January 13, 2012, 90 days later. The plaintiff did not file this present case, however, until April 30, 2012, 201 days after he is presumed to have received the Notice, on October 14. [See Doc. 1.]

The time for filing suit may be equitably tolled under certain circumstances. *See Harvey*, 813 F.2d at 654. But, the plaintiff has offered no such bases. The Court, therefore, would decline to find any equitable basis to toll the 90-day period. None has been begged.

The Court appreciates that what has been described is a hard procedural argument to understand. The plaintiff makes little rejoinder. He has mostly argued the substance of his claims. Even still, the undersigned is compelled to recommend that his Title VII claim is untimely and should be dismissed.

3

**II.     HIPPA Claim**

To the extent he means to plead one, the plaintiff does not have a private right of action for alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). *See Landry v. North Carolina*, 2011 WL 3683231, at *9 (W.D.N.C. March 11, 2011) ("There is no private cause of action under HIPAA.' ") (collecting cases).

## **RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED the defendants' motions to dismiss should be GRANTED [Doc. 23] and the plaintiff's case dismissed *with prejudice*.

s/Bruce H. Hendricks
United States Magistrate Judge

March 14, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).